**IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

OLAJUWON R. SIMMONS,

    Plaintiff,

vs.                              CASE NUMBER: 3:17-cv-00969-BJD-MCR

JONES, et al.,              **DISPOSITIVE MOTION**

    Defendants.

_____/

**DEFENDANT CENTURION OF FLORIDA, LLC'S MOTION TO DISMISS
COMPLAINT WITH PREJUDICE MOTION FOR LEAVE TO AMEND IF
NECESSARY AND INCORPORATED MEMORANDUM OF LAW**

Defendant, CENTURION OF FLORIDA, LLC ("Centurion"), through undersigned counsel and pursuant to Rule 12(b)(6), *Federal Rules of Civil Procedure*, and Rule 3.01, *Local Rules for the Middle District of Florida*, hereby files its Motion to Dismiss Complaint *With Prejudice*, Motion for Leave to Amend this Motion to Dismiss if Necessary and Incorporated Memorandum of Law, and states as follows:

**I.    BACKGROUND**

Plaintiff, an inmate in the Florida state prison system, initiated the instant action pursuant to 42 U.S.C. §1983. [Doc. 60]. Plaintiff alleges that Centurion and other defendants violated his Eighth Amendment rights under the United States Constitution by being deliberately indifferent to his serious medical need, i.e., an injury to his ear caused by a physical altercation between Plaintiff and another inmate. [Doc. 60-2].

Plaintiff alleges the injury to his ear occurred on March 27, 2016, while he was incarcerated at Lake Butler Reception Medical Center (LBRMC). [Doc. 60-2]. Plaintiff also

claims the alleged deliberate indifference to his medical condition occurred after he was transferred to Everglades Correctional Institution (Everglades CI). [Doc. 60-2].

Centurion is the current contractual medical provider to Florida inmates. [Doc. 60]. Centurion took over the care of Florida inmates at different dates for different correctional institutions. Specifically, Centurion became responsible for the healthcare of inmates at LBRMC on May 8, 2016. Centurion became responsible for the healthcare of inmates at Everglades CI on June 18, 2016.

Plaintiff's allegations span from March 27, 2016, the date of the alleged injury, through 15 days later – April 11, 2016. [Doc. 60]. Specifically, Plaintiff alleges that he was involved in an altercation with another inmate on March 27, 2016 at 7:30 pm, and that approximately an hour and fifteen minutes later at 8:15 pm, he was transported to an outside hospital to undergo surgery in his ear. [Doc. 60-2]. Plaintiff alleges that he was returned to LBRMC with instructions to undergo skin graft surgery 5 days later, however he did not undergo said surgery until 15 days later – April 11, 2016. [Doc. 60-2]. Plaintiff also alleges there was a delay of 8 days from the March 27, 2016, surgery, in providing him prescribed pain medication and antibiotics. [Doc. 60-2].

Plaintiff makes several allegations regarding specific Defendants, however fails to make any specific factual allegations directed at Centurion. [Doc. 60]. The only allegations directed at Centurion are conclusory and non-factual allegations that Centurion "knew of Plaintiff prescribed medical treatment for artificial ear but intentionally refused to provide it;" and Centurion "should have taken necessary measures as prescribed by Corizon doctors to provide Plaintiff with an artificial ear after Corizon left the office." [Doc. 60-1]; [Doc. 60-2]. Finally, Plaintiff alleges that "Defendants prison medical provider have a policy of restricting, if not

outright denying, follow-up care ordered by a doctor when such care is expensive." [Doc. 60-5]. Based on this, Plaintiff seeks compensatory and punitive damages. [Doc. 60-5].

Plaintiff alleges he exhausted his administrative remedies before the filing of this lawsuit. [Doc. 60]. Although Centurion has taken the steps to obtain a copy of Plaintiff's grievances, to date Centurion has not been able to obtain and review the same.

As outlined in detail below, dismissal *with prejudice* is proper. Additionally, Centurion respectfully requests leave to amend this Motion to Dismiss if necessary to address dismissal based on a failure to exhaust administrative remedies, once Centurion obtains a copy of Plaintiff's grievances.

## II. STANDARD

A claim will survive a motion to dismiss only if the factual allegations in the complaint "raise a right to relief above the speculative level." *Bell Atlantic Corp., et al. v. Twombly*, 550 U.S. 544 (2007)). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ashcroft v. Iqbal*, SS6 U.S. 662, 678 (2009) (internal citation omitted).

Dismissal *with prejudice* is proper when a more carefully drafted complaint would not state a claim for relief. *Arthur v. JP Morgan Chase Bank, NA*, 569 Fed. Appx. 669, 686 (11th Cir. 2014) (*citing*, *Ziemba v. Cascade, Int'l, Inc.*, 256 F.3d 1194, 1213 (11th Cir. 2001)).

## III. MEMORANDUM OF LAW

In order for a plaintiff to successfully raise a Section 1983 claim against a corporate entity acting under color of state law, he must allege that: 1) that his constitutional rights were

violated; 2) that the entity had a custom or policy that constituted deliberate indifference to that constitutional right; and 3) that the policy or custom caused the violation. *McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004); *Wheeler v. Crews*, 2015 WL 7731396, *4 (N.D. Fla. Oct. 26, 2015) (*citing*, *McDowell*, 392 F.3d at 1289).

Here, Plaintiff failed to state a cause of action against Centurion for several reasons. First, all of Plaintiff's factual allegations relate to time periods which were before Centurion took over the healthcare of inmates at the specific institution. As stated above, Plaintiff's allegations span from March 17, 2016, through April 11, 2016. However, Centurion only took over healthcare of inmates subsequent to that time frame – May 8, 2016 at LBRMC and June 18, 2016 at Everglades CI.

Second, Plaintiff fails to make any factual allegation that "raise a right to relief above the speculative level" against Centurion. *See*, *Twombly*, 550 U.S. 544. Instead, Plaintiff merely makes the speculative and conclusory allegations that Centurion "knew of Plaintiff prescribed medical treatment for artificial ear but intentionally refused to provide it;" "should have taken necessary measures as prescribed by Corizon doctors to provide Plaintiff with an artificial ear after Corizon left the office;" and has "a policy of restricting, if not outright denying, follow-up care ordered by a doctor when such care is expensive." [Doc. 60-1]; [Doc. 60-2]; [Doc. 60-5]. These allegations have no plausibility because Plaintiff did not plead factual content that allows the court to draw the reasonable inference that Centurion is liable for the misconduct alleged. *See*, *Twombly*, 550 U.S. 544. Finally, Plaintiff failed to plead that the alleged constitutional violations were caused by any Centurion policy or custom. *See*, *McDowell*, 392 F.3d at 1289; *Wheeler*, 2015 WL at *4.

Dismissal with prejudice is proper under the present circumstances because no amendment to the Complaint will serve to cure the deficiencies against Centurion. *Arthur*, 569 Fed. Appx. at 686; *Ziemba*, 256 F.3d at 1213. That is because, as outlined above, all of Plaintiff's allegations span before Centurion became responsible for the healthcare of inmates at LBRMC and Everglades CI. Indeed, according to Plaintiff's own allegations, he received the skin graft surgery 15 days after his physical altercation of March 27, 2016 – which was April 11, 2016. [Doc. 60]. Centurion only became responsible for the healthcare of inmates at LBRMC on May 8, 2016, and at Everglades CI on June 18, 2016.

Finally, Centurion requests leave to amend this Motion to Dismiss once Plaintiff's grievance records become available, if necessary, in order to address exhaustion of administrative remedies as grounds for dismissal.

## **LOCAL RULE 3.01(G) CERTIFICATE**

Undersigned counsel hereby certifies that no conference is required because this constitutes a motion to dismiss for failure to state a claim upon which relief can be granted.

**WHEREFORE**, Defendant, CENTURION OF FLORIDA, LLC, respectfully requests that this Honorable Court enter an Order dismissing the Complaint against it *with prejudice*, granting leave for this Defendant to amend this Motion to Dismiss if necessary as outlined herein, and granting such other relief in favor of this Defendant as this Court deems just and proper.

Dated:  July 11, 2018.

**CRUSER, MITCHELL, NOVITZ, SANCHEZ, GASTON & ZIMET, LLP**

*/s/ Ana C. Françolin Dolney, Esquire*
**ANA C. FRANÇOLIN DOLNEY, ESQUIRE**
Florida Bar No.:  23162

151 S. Orange Avenue, Suite 1500
Orlando, FL 32801
Tel:407-730-3535
Fax:407-730-3540
Email: flcourtfilings@cmlawfirm.com
afrancolin@cmlawfirm.com
**Attorneys for Defendant, Centurion of Florida, LLC**

## CERTIFICATE OF SERVICE

I HEREBY certify that on the 11th of July, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

**CRUSER, MITCHELL, NOVITZ, SANCHEZ, GASTON & ZIMET, LLP**

*/s/ Ana C. Françolin Dolney, Esquire*
**ANA C. FRANÇOLIN DOLNEY, ESQUIRE**
Florida Bar No.: 23162
151 S. Orange Avenue, Suite 1500
Orlando, FL 32801
Tel:407-730-3535
Fax:407-730-3540
Email: flcourtfilings@cmlawfirm.com
afrancolin@cmlawfirm.com
**Attorneys for Defendant, Centurion of Florida, LLC**

**SERVICE LIST**
**Olajuwon R. Simmons, DC#  R52795**
**CASE NO. 3:17-cv-00969-BJD-MCR**
**United States District Court, Middle District of Florida**

**Olajuwon R. Simmons, DC# R52795**, Santa Rosa Correctional Institution, Work Camp, 5850 East Milton Rd., Milton, Florida 32583. Served via US Mail.

**Gregg A. Toomey, Esq.**, The Toomey Law Firm, 1625 Hendry St, Ste 203, Fort Myers, FL 33901, gat@thetoomeylawfirm.com.

**Richard E. Ramsey, Esq.**, Wicker, Smith, O'Hara, McCoy & Ford, PA, jaxcrtpleadings@wickersmith.com

**Marcus Graper, Esq.**, Office of the Attorney General, marcus.graper@myfloridalegal.com