86498-10/jrm/7201482

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

OLAJUWON R. SIMMONS,                    CASE NO. 3:17-cv-969-J-39MCR

    Plaintiff,

v.

FLORIDA DEPARTMENT OF
CORRECTIONS, CORIZON, LCC,
CENTURION OF FLORIDA, LLC,
RAMON BASSA RAMIREZ, Director
of Healthcare at Lake Butler Reception
and Medical Center, FRANCIS D.
ONG, Plastic Surgeon at Lake Butler
Reception and Medical Center,
SANCHEZ, Doctor at Lake Butler
Reception and Medical Center, NURSE
WILLIAMS, Nurse at Lake Butler
Reception and Medical Center,
WARDEN AT LAKE BUTLER
RECEPTION AND MEDICAL
CENTER, and CAPTAIN WILLIAMS,
Guard at Lake Butler Reception and
Medical Center,

    Defendants.
_____/

## DEFENDANT, FRANCIS D. ONG, M.D.'s MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT AND SUPPORTING MEMORANDUM OF LAW

The Defendant, Francis D. Ong, M.D. (hereinafter, "the Defendant" or "Dr. Ong"), by and through his undersigned counsel and pursuant to Fed. R. Civ. P. 12(b)(6) and Local Rule 7.1(A), hereby applies to the Court for an Order seeking dismissal of this action. The Defendant submits to the Court that the Plaintiff has failed to plead a valid cause of action upon which relief may be granted and as such, a dismissal is warranted. In support thereof, the Defendant states as follows:

1.      The Defendant was initially served with the Plaintiff's original "Complaint for Violation of Civil Right" in November of 2017. (See Doc. 1). After being removed from the suit with the Plaintiff's filing of his Second Amended Complaint on May 3, 2018, which named only Corizon, LLC and Centurion of Florida, LLC, as defendants (see Doc. 47), Dr. Ong was once again named in the Third Amended Complaint. (See Doc. 60). Although the Third Amended Complaint was filed on July 2, 2018, it did not become effective until July 11, 2018, when this Court issued an Order granting the Plaintiff's Motion to Amend his Second Amended Complaint. (See Doc. 63).

2.      In his Third Amended Complaint, the Plaintiff alleges a cause of action against Dr. Ong under 42 U.S.C. § 1983, arguing that his Eighth Amendment rights were violated because "...medical care was not administered along professional lines." (See II Basis for Jurisdiction (B)).

3.      Generally, Plaintiff's claims relate to medical treatment given to him for an injury to his right ear which was injured in an altercation with another inmate. He alleges that Dr. Ong was the assigned plastic surgeon to the Lake Butler Reception and Medical Center and that he is "...directly responsible for an untimely operation to reattach my ear as prescribed for a successful operation (for skin graft). The skin graft surgeon should have known that my ear was so badly infected and beyond a chance of a successful reattachment. As a result, I suffered a loss of my ear and other portions of my ear because of neglect." (See Plaintiff's Exhibit "A," which is the description of how Dr. Ong operated "under color of any statute, ordinance, regulation, custom or usage of any

state or territory or the District of Columbia" pursuant to 42 U.S.C. § 1983, as required in II Basis for Jurisdiction (D)).

4.      Plaintiff alleges in IV "Statement of Claim," where he is to describe how each defendant was personally involved in the alleged wrongful action, that five days after his return from an outside hospital following his ear injury, he needed surgery. However, the surgery did not occur for 15 days and likewise he did not get pain pills or antibiotics for eight days. It is unclear whether these allegations implicate Dr. Ong or any combination of the Plaintiff's other named co-Defendants. Nonetheless, assuming that these allegations do pertain to Dr. Ong, Plaintiff does not allege how he was involved in failing to timely provide surgical care. Despite failing to identify Dr. Ong as a liable party, for all intents and purposes the Court can assume the Plaintiff is seeking to hold Dr. Ong liable for medical malpractice.

5.      Plaintiff's claim against Dr. Ong should be dismissed because it is grounded in medical negligence and he has not complied with the mandatory conditions precedent of providing Dr. Ong with a notice of intent letter and corroborating expert affidavit as required under the Florida Statutes governing malpractice actions. See generally Chapter 766, Florida Statues.

6.      Plaintiff's 42 U.S.C. § 1983 claim likewise must be dismissed because Dr. Ong has qualified immunity against such claims and the Plaintiff has failed to establish that Dr. Ong violated any of his established rights.

CASE NO. 3:17-cv-969-J-39MCR

For the foregoing reasons, Francis D. Ong, M.D. requests this Court to enter an Order dismissing Plaintiff's Complaint and such further relief as the Court deems appropriate.

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

## STANDARD OF REVIEW

### I.     Motion to Dismiss Standard

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. Id. at 1915A(b)(1),(2).

A complaint is frivolous under § 1915(e) "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Dismissals on this ground should be ordered when the legal theories are "indisputably meritless," or when the claims rely on factual allegations that are clearly baseless. Id. at 327; Denton v. Hernandez, 504 U.S. 25, 31 (1992).

Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997) ("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)[.]"). A complaint fails to state a claim when it does not

include "enough factual matter" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (explaining that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice.") (citing Twombly, 550 U.S. at 555).

In determining whether Plaintiff's claim is frivolous or fails to state a cause of action, all factual allegations in the complaint must be viewed as true. Brown v. Johnson, 387 F.3d 1344, 47 (11th Cir. 2004). "However, the court need not accept inferences drawn by [Plaintiffs] if such inferences are unsupported by the facts set out in the complaint. Nor must the court accept legal conclusions cast in the form of factual allegations." In re Delta/AirTran Baggage Fee Antitrust Litig., 733 F.Supp. 2d 1348, 1358 (N.D. Ga. 2010).

Additionally, in determining whether a plaintiff has properly stated a claim for relief, courts are confined to what is presented within the four corners of a complaint. See, e.g., Garcia v. Copenhaver, Bell & Assocs., 104 F. 3d 1256, 1266 n. 11 (11th Cir. 1997) ("Under 12(b)(6), whether a plaintiff failed to state a claim upon which relief can be granted must be ascertained from the face of the complaint"). Moreover, the Court must read the Plaintiff's pro se allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519 (1972); Miller v. Stanmore, 6356 F.2d 986, 988 (5th Cir. 1981).

## ARGUMENT AND CITATIONS OF AUTHORITY

**I.    THE THIRD AMENDED COMPLAINT MUST BE DISMISSED WITHOUT PREJUDICE BECAUSE PLAINTIFF FAILED TO PROVIDE DEFENDANT WITH A NOTICE OF INTENT AND SUPPORTING EXPERT AFFIDAVIT AS REQUIRED BY CHAPTER 766, FLORIDA STATUTES.**

The Plaintiff failed to allege he filed a Notice of Intent and corroborating expert affidavit in support of his claim against Defendant. Therefore, Plaintiff's Third Amended Complaint should be dismissed for failure to comply with Florida Statutes 766.106 and 766.203, both of which provide mandatory presuit requirements that must be met before asserting claims sounding in medical malpractice.

Importantly, Plaintiff's claims against Defendant are subject to mandatory presuit requirements under subjection 766.106(1)(a). A "claim for medical negligence" or "claim for medical malpractice" means a claim, arising out of the rendering of, or the failure to render, medical care or services. § 766.106(1)(a), Fla. Stat. (2016).

In the instant matter, Plaintiff recognizes that he is required to provide the notice of intent and corroborating expert affidavit. See generally Exhibit "E," where Plaintiff acknowledges that he is required to retain a medical expert and submit a corroborating expert affidavit. However, Plaintiff alleges without the recitation of any facts that "medical is held accountable for a failure to timely provide records to relieve Plaintiff of obligation to provide corroborating affidavit." See Exhibit "E," at ¶ 5. Plaintiff does not set forth when he submitted to Dr. Ong a request for his own medical records, nor does he state when they were ultimately sent and received by him. Moreover, Plaintiff contends that because he is indigent, a presuit medical expert opinion should be provided

to him "...as required by law." See Exhibit "E," at ¶ 4. However, Chapter 766 does not provide any such procedure that would otherwise waive or relieve a plaintiff of the mandatory condition precedent requirements of Chapter 766. There is no law which permits an indigent person to proceed without an expert; or to have one appointed for him. Without appropriately pleading necessary facts to confirm compliance with the mandatory conditions precedent of a Notice of Intent and corroborating expert's affidavit, the claim must be dismissed.

In particular, Section 766.106(2)(a) provides that "prior to filing a complaint for medical negligence, a claimant shall notify each prospective defendant by certified mail, return receipt requested, of intent to initiate litigation for medical negligence." The purpose of the medical malpractice presuit requirement is to allow a potential defendant to investigate a claim. University of Miami v. Wilson, 948 So. 2d 774 (Fla. 3d DCA 2006). The policy underlying the medical malpractice scheme is to require the parties to engage in meaningful presuit investigation, discovery, and negotiations, thereby screening out frivolous lawsuits and encouraging prompt resolution of claims. Id. Here, the Plaintiff clearly did not adhere to the requirements of this statute because a Notice of Intent was never filed. Thus, Dr. Ong has been precluded from engaging in any investigation of his own to determine if there is any validity to Plaintiff's claim.

Section 766.203(2) requires plaintiffs to conduct an investigation to "ascertain whether there are reasonable grounds to believe that a) the Defendant was negligent in the care or treatment of the claimant; and b) such negligence resulted in injury to the claimant." Further, § 766.203(2) provides:

> Corroboration of reasonable grounds to initiate medical negligence shall be provided by the claimant's submission of a verified written medical expert opinion as defined in s. 766.202(6), at the time the notice of intent to initiate litigation is mailed, which statement shall corroborate reasonable grounds to support the claim of medical negligence.

§ 766.203(2), Fla. Stat. (2016).

The Plaintiff did not conduct any investigation or submit an expert affidavit as required by the above statute. The Plaintiff's failure to comply with the proper procedures as mandated in the medical malpractice statutes should preclude furtherance of this case. If the required presuit notice is not given to a health care provider, the complaint can be properly dismissed. Goldfarb v. Urciuoli, 858 So.2d 397 (Fla. 1st DCA 2003).

Even though the procedures set forth in Section 766 et. seq. are not intended to deny access to the courts, they are "more than mere technicalities." Largie v. Gregorian, 913 So.2d 635, 638 (Fla. 3d DCA 2005). See also Correa v. Robertson, 693 So.2d 619, 621 (Fla. 2d DCA 1997); Apostolico v. Orlando Reg'l Health Care Sys., Inc., 871 So.2d 283, 286 (Fla. 5th DCA 2004). Therefore, the Plaintiff should be required to follow the proper presuit procedures. Failure to comply with the presuit procedures set forth above subjects a claim to dismissal until such time as the procedures are met.

Additionally, Section 766.104(1), Florida Statutes, provides that "[n]o action shall be filed for personal injury or wrongful death arising out of medical negligence, whether in tort or contract, unless the attorney filing the action has made a reasonable investigation as permitted by the circumstances to determine that there are grounds for good faith belief that there has been negligence in the care or treatment of the claimant. The complaint or initial pleading shall contain a certificate of counsel certifying that such

reasonable investigation gave rise to a good faith belief that grounds exist for an action against each named defendant." § 766.104(1), Fla. Stat. Because Plaintiff's Complaint is devoid of any certificate certifying that a reasonable investigation was performed, his claim fails as a matter of law and should be dismissed.

**II.  DISMISSAL IS APPROPRIATE BECAUSE PLAINTIFF'S THIRD AMENDED COMPLAINT IS FRIVOLOUS AND FAILS TO STATE A CAUSE OF ACTION UPON WHICH RELIEF MAY BE GRANTED UNDER 42 U.S.C. § 1983.**

Title 42 U.S.C. § 1983 imposes liability on one who, under color of state law, deprives a person "of any rights, privileges, or immunities secured by the Constitution and laws[.]" 42 U.S.C. § 1983. To articulate a claim under Section 1983, a plaintiff must allege that: (1) a defendant deprived him of a right secured under the Constitution or federal law; and (2) such deprivation occurred under color of state law. Arrington v. Cobb County, 139 F.3d 865, 872 (11th Cir. 1998). In addition, where a plaintiff seeks to impose liability on one who is not an active participant in the alleged constitutional deprivation, that plaintiff must allege and establish an affirmative causal connection between the defendant's conduct and the constitutional deprivation. Williams v. Bennett, 689 F.2d 1370, 1380-1381 (11th Cir. 1982).

A Section 1983 complainant must support his claim with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. Schultea v. Wood, 47 F.3d 1427, 1433 (5th Cir. 1995). Thus, for Plaintiff to recover, he must establish that Dr. Ong deprived him of a right guaranteed by the

constitution or laws of the United States. Baker v. McCollan, 443 U.S. 137, 139 (1979); Thomas v. Sams, 734 F.2d 185, 191 (5th Cir. 1984), cert. denied, 472 U.S. 1017 (1985).

The constitutional rights of a convicted state prisoner spring from the Eighth Amendment's prohibition against cruel and unusual punishment. Estelle v. Gamble, 429 U.S. 97, 104 (1976). This right requires that prison officials provide inmates with adequate medical care. Id. at 103-05. In order to set forth a cognizable claim, an inmate must allege (i) a serious medical need and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need. Id. at 104.

Plaintiff must allege and later prove that the alleged constitutional or statutory deprivation was intentional or due to deliberate indifference—not the result of mere negligence. Farmer v. Brennan, 511 U.S. 825, 834 (1994). To state a cause of action under Section 1983, the plaintiff must allege facts reflecting the defendants' participation in the alleged wrong, specifying the personal involvement of each defendant. Murphy v. Kellar, 950 F.2d 290, 292 (5th Cir. 1992); Jacquez v. Procunier, 801 F.2d 789, 793 (5th Cir. 1986).

The deliberate indifference standard involves both an objective and a subjective component. The objective component is met by evidence of "serious medical need" which includes, in relevant part, the existence of "chronic and substantial pain." Brock v. Wright, 315 F.3d 158, 162 (2d Cir. 2003). The subjective component requires an official to know the facts that could have shown the prisoner's health was in danger and the official must actually believe the prisoner's health is in danger. Farmer, 511 U.S. at 837

("[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.").

Deliberate indifference to serious medical needs may be manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed. Gamble, 429 U.S. at 104-05. "Facts underlying a claim of 'deliberate indifference' must clearly evince the medical need in question and the alleged official dereliction." Johnson v. Treen, 759 F.2d 1236, 1238 (5th Cir. 1985) (citing Woodall v. Foti, 648 F.2d 268 (5th Cir. 1981)) (emphasis in original). "The legal conclusion of 'deliberate indifference,' therefore, must rest on facts clearly evincing 'wanton' actions on the part of the defendants." Id.

Assertions of inadvertent failure to provide medical care or negligent diagnosis, however, are insufficient to state a claim. Wilson v. Seiter, 501 U.S. 294, 297 (1991); Gamble, 429 U.S. at 105-06; Johnson, 759 F.2d at 1238. Unsuccessful medical treatment does not give rise to a Section 1983 cause of action, nor does a disagreement between an inmate and a prison physician concerning the appropriateness of certain medical care. Varnado v. Lynaugh, 920 F. 2d 320, 321 (1991); Johnson, 759 F. 2d at 1238. Similarly, a claim that additional diagnostic techniques or forms of treatment should have been utilized is inadequate for purposes of Section 1983. Gamble, 429 U.S. at 107. Hence, allegations of mere negligence, neglect, or medical malpractice on the part of a physician do not state an actionable claim under Section 1983. Varnado, 920 F. 2d at 321 (citing Fielder v. Bosshard, 590 F. 2d 105, 107 (5th Cir. 1979)). As the Supreme

Court noted in Gamble, "medical malpractice does not become a constitutional violation merely because the victim is a prisoner." 429 U.S. at 106.

Florida courts have also found that a mere difference of opinion between an inmate and prison medical staff does not give rise to an Eighth Amendment violation. See Smith v. Fisher, 965 So.2d 205, 207 (Fla. 4th DCA 2007).

Situations in which courts have found prison medical staff to be deliberately indifferent, and not just exercising differences of professional opinion, have included failure to provide treatment for diagnosed conditions and failure to investigate the medical situation enough to make an informed judgment—including reviewing medical records. See Hudson v. McHugh, 148 F. 3d 859, 861 (7th Cir. 1998); and McElligott v. Foley, 182 F. 3d 1248, 1252, 1256–57 (11th Cir. 1999) (finding in a Florida case that failure to inquire about and treat patient's severe pain, and repeated delays in doctors seeing the patient, could constitute deliberate indifference). Deliberate indifference has also been found where there was grossly inadequate care, a decision to take an easier but less efficacious course of treatment; and medical care that was so cursory as to amount to no treatment at all. Bingham v. Thomas, 654 F. 3d 1171, 1176 (11th Cir. 2011). A defendant who unreasonably fails to respond or refuses to treat an inmate's need for medical care or one who delays necessary treatment without explanation or for non-medical reasons may also exhibit deliberate indifference. See Waldrop v. Evans, 871 F. 2d 1030, 1036 (11th Cir. 1989) (affirming denial of summary judgment where prison official "took no action" and failed to "inform competent authorities . . . of a prisoner's need for . . . care").

However, it is well settled that a decision by a prison doctor not to perform additional diagnostic tests or to prescribe other forms of treatment is a matter of medical judgment and does not constitute cruel and unusual punishment. Gamble, 429 U.S. at 109; Harris v. Thigpen, 941 F. 2d 1495, 1505 (11th Cir. 1991). As the Supreme Court stated in Gamble, "[a]t most it is medical malpractice, and as such the proper forum is the state court . . ." Id.; see also Brown v. Briscoe, 998 F. 2d 201 (4th Cir. 1993) (affirming district court's dismissal of complaint as frivolous under 28 U.S.C. § 1915 because the defendant nurse was not deliberately indifferent to prisoner's serious medical needs when she administered tuberculosis vaccine even though prisoner allegedly broke out in rash and had told the defendant nurse that he had already received a tuberculosis inoculation).

In the instant action, Plaintiff has not pled sufficient facts from which it could be inferred that Dr. Ong displayed deliberate indifference to his medical condition. To the contrary, Plaintiff does not allege anything about how Dr. Ong was involved in or responsible for a delay in taking him to surgery. Did Dr. Ong know of the patient? Did Dr. Ong confer with or examine the patient prior to the alleged five-day deadline? Was Dr. Ong provided medical records or orders from the hospital setting forth this alleged requirement that he be provided surgery within five days? Had Dr. Ong even known that this patient was assigned to him within the five-day deadline? Were there other circumstances that resulted in this alleged delay that had absolutely nothing to do with Dr. Ong?

There is a dearth of any facts that are alleged with regard to Dr. Ong throughout the entire Complaint. At most, the only facts relating to Dr. Ong address the timing of the

surgery to repair the inmate's ear. Plaintiff has not pled that Dr. Ong refused to provide treatment to him or that he even knew of the alleged order from the hospital/outside physician in a timely fashion or any circumstances with regard to the reason for any alleged delay. Therefore, Plaintiff has certainly not pled a cause of action showing "deliberate indifference" to any of the needs of Mr. Simmons. As described above, an inmate's disagreement with a physician's decision as to his course of treatment does not amount to a claim under Section 1983. Certainly the instant allegations do not equate to "deliberate indifference" against Dr. Ong and as such, the Third Amended Complaint against him should be dismissed.

III.   **THE THIRD AMENDED COMPLAINT SHOULD BE DISMISSED BECAUSE DEFENDANT HAS QUALIFIED IMMUNITY FROM PLAINTIFF'S CLAIM.**

The defense of qualified immunity should be resolved at the earliest stage of litigation, and therefore, is proper for a district court to determine on a motion to dismiss. Gonzalez v. Reno, 325 F.3d 1228, 1233 (11th Cir. 2003). "If a defendant asserts a qualified immunity defense in a Rule 12(b)(6) motion to dismiss, the court should grant qualified immunity if the plaintiff's complaint fails to allege a violation of a clearly established constitutional or statutory right." Williams v. Bd. of Regents of Univ. Sys. of Ga., 477 F. 3d 1282, 1300 (11th Cir. 2007) (citing Williams v. Ala. State Univ., 102 F. 3d at 1182).

This circuit imposes a heightened pleading requirement in Section 1983 claims. See GJR Invs., Inc. v. County of Escambia, 132 F. 3d 1359, 1367 (11th Cir. 1998) ("Some factual detail in the pleadings is necessary to the adjudication of Section 1983

claims. This is particularly true in cases involving qualified immunity, where we must determine whether a defendant's actions violated a clearly established right."); Fullman v. Graddick, 739 F. 2d 553, 556-57 (11th Cir. 1984) (holding that in civil rights actions "a complaint will be dismissed as insufficient where the allegations it contains are vague and conclusory.").

Qualified immunity protects government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Pearson v. Callahan, 555 U.S. 223, 231 (2009) (citing Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)). This immunity balances the need for official accountability with the need to permit officials to engage in their discretionary duties without fear of personal liability or harassing litigation when they perform their duties reasonably. Id. This immunity does not protect an official if they know or reasonably should know that their actions violate a plaintiff's constitutional rights. Holmes v. Kucynda, 321 F. 3d 1069, 1077 (11th Cir. 2003). But, it does shield from liability "all but the plainly incompetent or one who is knowingly violating the federal law." Lee v. Ferraro, 284 F. 3d 1188, 1194 (11th Cir. 2002).

In order for government officials to enjoy qualified immunity, they must first establish that they were acting within the scope of their discretionary authority when the alleged wrongful acts occurred. Id. Discretionary job functions involve judgments that "almost inevitably are influenced by the decisionmaker's experiences, values, and emotions." Harlow v. Fitzgerald, 457 U.S. at 816-818. In the instant action, there is

nothing alleged which would not otherwise indicate that Dr. Ong was acting in the scope of his discretionary authority when providing medical treatment to Mr. Simmons. There are literally no facts pled that would in any way suggest that Dr. Ong was not acting within the scope of his discretionary authority; and therefore, he would be entitled to immunity.

Because it is alleged by implication that Dr. Ong was acting within his discretionary authority, the burden falls on the Plaintiff to demonstrate that qualified immunity is inappropriate. Id. The Supreme Court created a two-part analysis to determine whether qualified immunity is appropriate. See Saucier v. Katz, 533 U.S. 194, 201 (2001). The threshold question is whether the alleged facts demonstrate that Defendant violated any constitutional rights of the Plaintiff. Gonzalez, 325 F. 3d at 1234. If a constitutional violation is alleged, the final step of the qualified immunity analysis is whether the right was clearly established. Id.

As discussed above, the Plaintiff has failed to allege that Dr. Ong violated any constitutional rights. As against Dr. Ong, Plaintiff simply alleges that he failed to timely provide surgical care. This is an assertion of medical negligence as opposed to a violation of constitutional rights.

Additionally, Plaintiff has failed to show that his rights were "clearly established." Whether a right is clearly established depends on whether it would be clear to a reasonable official that his conduct was unlawful in the situation he confronted. Saucier, 533 U.S. at 202. Dr. Ong is entitled to immunity "unless, at the time of the incident, the preexisting law dictates, that is, truly compels, the conclusion for all

reasonable similarly situated public officials that what [a] Defendant was doing violated [a] Plaintiff's federal rights in the circumstances." Marsh v. Butler Cnty., Ala., 268 F. 3d 1014, 1030–31 (11th Cir. 2001) (en banc) (alteration adopted) (quotation marks omitted), abrogated on other grounds by Twombly, 550 U.S. 544. Clearly, the facts of this case do not compel the conclusion that Dr. Ong knowingly violated Plaintiff's Eighth Amendment rights. Mr. Simmons alleges that surgery on his ear was to be performed within five days from his return from an outside hospital but it did not occur until 15 days later. Mr. Simmons does not allege any of the facts or circumstances relating to this alleged delay and how they have anything to do with Dr. Ong. No facts were alleged which showed any deliberate indifference on behalf of Dr. Ong nor anything that would allow his qualified immunity to be extinguished.

WHEREFORE, Defendant, Francis D. Ong, M.D. requests this Court enter an Order dismissing Plaintiff's cause of action against him.

CASE NO. 3:17-cv-969-J-39MCR

## LOCAL RULE 7.1(F) CERTIFICATION:

Counsel for Francis D. Ong, M.D. hereby certifies that this Motion and supporting Memorandum of Law contains less words than the 8,000 word limit set forth by this Local Rule.

## LOCAL RULE 7.1(K) REQUEST FOR ORAL ARGUMENT:

If the Court determines that oral argument would be helpful in its analysis and adjudication of this Motion, Counsel for Francis D. Ong, M.D. respectfully requests 30 minutes of the Court's time for oral argument on the facts and law set forth in this Motion and that of any reply by the Plaintiff.

Respectfully submitted,

/s/ Richard E. Ramsey
Richard E. Ramsey, Esquire
Florida Bar: 715026
WICKER SMITH O'HARA MCCOY
& FORD, P.A.
50 N. Laura Street
Suite 2700
Jacksonville, FL   32202
Telephone: (904) 355-0225
Fax: (904) 355-0226
jaxcrtpleadings@wickersmith.com
Attorneys for Francis D. Ong, M.D.

CASE NO. 3:17-cv-969-J-39MCR

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by

CM/ECF on July 16, 2018, on all counsel or parties of record on the Service List below.

/s/ Richard E. Ramsey
Richard E. Ramsey, Esquire

## SERVICE LIST

Olajuwon R. Simmons
DC#R52795
Santa Rosa Correctional Institution
5850 East Milton Road
Milton, FL  32583

Gregg A. Toomey, Esquire
gat@thetoomeylawfirm.com
alr@thetoomeylawfirm.com
hms@thetoomeylawfirm.com
Counsel for Defendant Corizon, LLC

Ana Francolin Dolney
afrancolin@cmlawfirm.com
Counsel for Defendant, Centurion
of Florida, LLC

Marcus O. Graper, Esquire
marcus.graper@myfloridalegal.com
Counsel for Defendant Secretary,
Florida Department of
Corrections